**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000205
20-NOV-2024
08:23 AM
Dkt. 49 SO**

CAAP-21-0000205

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THAINE SARAGOSA, Plaintiff-Appellant, v.
JAMES GREENE, an individual; EAN HOLDINGS, LLC,
a foreign Limited Liability Company registered
to do business in Hawaii, Defendants-Appellees,
and JOHN DOES & JANE DOES 1-25; and RICHARD ROES &
MARY ROES 1-25; Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-20-0000437)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Plaintiff-Appellant Thaine Saragosa (**Saragosa**) appeals from the July 15, 2021 Judgment Pursuant to [Hawai'i Rules of Civil Procedure (**HRCP**)] Rule 54[(b)] (**Judgment**) entered by the Circuit Court of the Third Circuit (**Circuit Court**),[1] in favor of Defendant-Appellee EAN Holdings, LLC (**EAN**). Saragosa also challenges the February 24, 2021 Order Granting Defendant EAN

---

[1] The Honorable Peter K. Kubota presided.

Holdings, LLC's Motion to Dismiss Complaint for Damages Filed November 30, 2020 as to EAN Holdings, LLC (**Order of Dismissal**).

Saragosa raises two points of error on appeal, contending that the Circuit Court erred in:  (1) dismissing the Complaint as to EAN, the employer of the other defendants, named and unidentified, for failure to state a claim upon which relief could be granted; and (2) holding that Hawaii Revised Statutes (**HRS**) § 386-5 (2015)[2] precluded recovery against EAN for injuries to Saragosa's reputational interest caused by the acts or inactions of co-employees.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Saragosa's points of error as follows:

Saragosa filed a complaint on November 30, 2020 (**Complaint**).  Named defendants were EAN's Hilo branch manager, Defendant-Appellee James Green (**Green**),[3] and EAN; unnamed defendants were (1) persons who "heard and repeated" Green's "damaging statements" (**Doe Defendants**), and (2) persons who were,

_____

[2]     HRS § 386-5 provides:

> **§ 386-5  Exclusiveness of right to compensation; exception.**  The rights and remedies herein granted to an employee or the employee's dependents on account of a work injury suffered by the employee shall exclude all other liability of the employer to the employee, the employee's legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise, on account of the injury, except for sexual harassment or sexual assault and infliction of emotional distress or invasion of privacy related thereto, in which case a civil action may also be brought.

[3]     Both "Green" and "Greene" appear throughout the record.  However, in his Answer to the Complaint, Green states that "Greene" is a spelling error.

*inter alia,* agents of EAN (**Roe Defendants**). The Complaint alleges that Saragosa worked for EAN and that EAN had a personnel policy in force regarding the confidential nature of company information, including employees' personal information (**Privacy Policy**). Saragosa alleges that Green told other employees and other persons in the community that Saragosa was caught stealing at work and was going to be fired, although Green knew that Saragosa denied the theft. With respect to Green, Saragosa alleged that, as a result of Green's wrongful statements and their repetition, Saragosa suffered injury to his reputation, shame, humiliation, and extreme emotional distress, which caused him to suffer a severe mental breakdown, leading to attempted suicide, prolonged mental disability, homelessness, and the loss of family connections. With respect to the Roe Defendants, Saragosa alleged they had a duty to train, supervise, and discipline Green so that he did not violate the Privacy Policy, and but for their negligent failure to train, supervise, and discipline Green, Green would not have made the wrongful statements, and Saragosa's losses were a direct and proximate result of the Roe Defendants' negligence.

No similar factual allegation is made against EAN, but in the Complaint's "Grounds for Relief," Saragosa states that the failures of EAN and the Roe Defendants to train, supervise, and discipline Green so that he did not violate the Privacy Policy constitutes negligence and were a cause of Saragosa's losses. The "Grounds for Relief" also includes two statements that the actions of Green and the Doe Defendants (1) constituted

defamation and were a cause of Saragosa's losses, and (2) constituted false light and were a cause of Saragosa's losses. No other grounds for relief were stated. The Complaint's "Prayer for Relief" sought damages from the defendants, jointly and severally, for damage to reputation, shame, mental and emotional distress, cognitive impairment, post-traumatic stress, and loss of enjoyment of life, as well as punitive damages for defamation, false light, and infliction of emotional distress.

In [EAN's] Motion to Dismiss Complaint for Damages Filed November 30, 2020 as to [EAN] (**Motion to Dismiss**), EAN argued that Saragosa sought damages against it for negligent supervision, training, and/or discipline of Green, and that, pursuant to HRS § 386-5, workers' compensation is the exclusive remedy for a negligence claim against an employer, including a claim for negligent training, supervision, or infliction of emotional distress premised on an employer's alleged failure to properly train or supervise employees who failed to follow personnel laws and policies, citing, *inter alia*, Andrade v. Cnty. of Hawaiʻi, 145 Hawaiʻi 265, 451 P.3d 1 (App. 2019) (citations omitted).

In opposition to the Motion to Dismiss, Saragosa argued that EAN failed to address Nakamoto v. Kawauchi, 142 Hawaiʻi 259, 418 P.3d 600 (2018), which held that employees may bring defamation and false light claims against their employers. Saragosa further argued that Green's action causing injury to Saragosa were taken outside of work hours, and were addressed to third parties (people in the community), not co-employees.

Saragosa concluded with argument that Saragosa adequately pleaded causes of action against EAN for defamation, false light, and for negligence.[4]

The Circuit Court granted the Motion to Dismiss.

In Nakamoto, the Hawaiʻi Supreme Court held that employees may bring defamation and false light claims against their employers because the Workers' Compensation Law is intended to compensate for work-related personal injuries and the purpose of defamation and false light actions is to "compensate plaintiffs for harm to their reputation." Id. at 268, 418 P.3d at 609. In light of these different purposes, and the lack of a remedy for reputational harm in the Workers' Compensation Law, allowing suit against employers for defamation and false light is warranted. Id. at 268-69, 418 P.3d at 609-10.

In this case, Saragosa failed to allege facts that could be construed as a claim against EAN for defamation and false light. No such claim against EAN is stated in the Complaint. Instead, Saragosa alleged a claim against EAN in the nature of negligent supervision. To the extent that damages sought by Saragosa are based on mental injuries allegedly arising out of and in the course of his employment by EAN, Saragosa's negligence claims against EAN were properly barred. See Andrade, 145 Hawaiʻi at 279, 451 P.3d at 15. However, viewing the Complaint in a light most favorable to Saragosa in order to

---

[4]     Saragosa did not provide this court with a transcript of the hearing on the Motion to Dismiss, and therefore, there is no basis for concluding that further arguments were raised. Saragosa's opposition to the Motion to Dismiss did not include any declarations or exhibits. Nor did it seek leave to amend the Complaint.

determine whether the allegations contained therein could warrant relief under any alternate theory, as we must do on a motion to dismiss under HRCP Rule 12(b)(6),[5] we conclude that the Circuit Court erred in granting EAN's motion to dismiss with prejudice.[6] Particularly in light of the early stage of the proceedings here, the Circuit Court erred in failing to dismiss Saragosa's negligence claim without prejudice, to allow Saragosa an opportunity to seek leave to file an amended complaint that included allegations in the nature of the torts of defamation and false light.  See Nakamoto, 142 Hawaiʻi at 267, 418 P.3d at 608 (noting the claims against the employer were for respondeat superior liability related to the employees' alleged conduct).

For these reasons, the Circuit Court's July 15, 2021 Judgment is vacated.  The February 24, 2021 Order of Dismissal is affirmed with respect to the dismissal of Saragosa's claim against EAN in the nature of negligent supervision, but vacated to the extent that the order operated as a dismissal with

---

[5]    See, e.g., Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 113 Hawaiʻi 251, 266, 151 P.3d 732, 747 (2007).

[6]    See HRCP Rule 41(b)(3) (unless otherwise specified in order, dismissal generally operates as an adjudication on the merits).  As explained by Professors Wright and Miller:

> [D]ismissal under Rule 12(b)(6) generally is not with prejudice—meaning, not immediately final or on the merits—because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected.  The federal policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading.  This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading[.]

5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (4th ed. 2024).

prejudice.  This case is remanded to the Circuit Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, November 20, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Peter L. Steinberg
for Plaintiff-Appellant                 /s/ Karen T. Nakasone
                                        Associate Judge
Kendra K. Kawai
for Defendants-Appellees                /s/ Sonja M.P. McCullen
                                        Associate Judge